O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL EDWARD
HARBORT,

                    Plaintiff,

          v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                    Defendant.

) Case No. CV 11-1099-OP
)
)
)
)
) MEMORANDUM OPINION AND
) ORDER
)
)
)
)
)
)
)

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

[2]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

      (1)   Whether the Administrative Law Judge ("ALJ") properly evaluated the medical evidence in assessing Plaintiff's residual functional capacity ("RFC"); and

      (2)   Whether the ALJ properly evaluated Plaintiff's subjective complaints.

(JS at 3.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

2

1

### III.

2

### DISCUSSION

3

**A.    The ALJ's Findings.**

4    The ALJ found that Plaintiff has the severe impairment of hyperacusis, a

5 disorder characterized by over-sensitivity to certain frequency ranges of sound.

6 (Administrative Record ("AR") at 20; JS at 3 n.1.)  The ALJ concluded that

7 Plaintiff RFC is limited only to the "avoidance of working in hazardous

8 environments where there are loud noises or flashing lights (quiet and generally

9 non-stimulating to the senses)."  (AR at 21.)

10    Relying on the testimony of the VE, the ALJ determined Plaintiff was

11 able to perform his past relevant work as a security guard.  (Id.)  In the

12 alternative, again based on the testimony of the VE, the ALJ determined that

13 Plaintiff could perform the jobs of addresser (Dictionary of Occupational Titles

14 ("DOT") 209.587-010); and swatch clerk (DOT 722.587-050).  (AR at 21.)

15

**B.    The ALJ Properly Evaluated the Medical Evidence in Assessing**

16

**Plaintiff's RFC.**

17    Plaintiff contends that the ALJ's RFC determination is erroneous

18 because it does not account for Plaintiff's severe mental impairment.[3]  (JS at 4.)

19    Evidence of Plaintiff's mental impairment includes treatment notes by

20 Mercedes Garcia, M.D., beginning in November 2006.  (AR at 160.)

21 Throughout her treatment of Plaintiff, Dr. Garcia diagnosed Plaintiff with

22

23

_____

24    [3]  Plaintiff initially contended that the RFC determination is erroneous
on the additional ground that it did not account for his seizure disorder.  (JS at

25 4.)  Defendant maintains, however, that Plaintiff's seizure disorder is causally
related to his hyperacusis and that the ALJ's RFC determination adequately

26 accounted for functional limitations owing to both disorders.  (Id. at 5-6.)

27 Plaintiff concedes the merit of Defendant's argument (id. at 9), which is
supported by the record (AR at 20).

28

3

dysthymia[4] and assigned him Global Assessment of Functioning ("GAF") scores in the range of 55 to 58.[5]  (Id. at 161, 170, 172, 175, 181, 266, 268, 273, 276, 282, 288, 291.)  In addition, Plaintiff received consultations with a social worker and case management services.  (Id. at 163-66, 168, 176-77, 180, 182.)

On September 23, 2008, Dr. Garcia completed a Mental Assessment questionnaire on behalf of Plaintiff.  (Id. at 304-07.)  Dr. Garcia indicated on the check-off form that Plaintiff was "markedly limited" in several areas of mental functioning and "moderately limited" in some other areas.  (Id.)

In his decision, the ALJ rejected Dr. Garcia's assessment by stating, "I give no weight to the most generous assessment of Dr. Garcia, because [her] assessment is totally inconsistent with [her] treatment for dysthymia.  These records show no greater than mild functional limitations due to a mood disorder."[6]  (Id. at 20.)

The ALJ further noted that a medical consultant who reviewed Plaintiff's medical records determined that he did not have a severe mental impairment.  (Id.; see also id. at 195-205.)  Accordingly, the ALJ determined that the evidence failed to establish that Plaintiff has a "severe" mental impairment.

---

[4]  A form of chronic depression.  Diagnostic and Statistical Manual of Mental Disorders 376-77 (American Psychiatric Ass'n ed., 4th ed. 2000) ("DSM-IV").

[5]  A GAF score 51 to 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers).  DSM-IV 34.

[6]  Plaintiff does not challenge this finding.  Moreover, the Court's review of the record indicates that the ALJ's rejection of Dr. Garcia's functional assessment because it was inconsistent with her treatment of Plaintiff is supported by substantial evidence.  (Compare AR at 161, 170, 172, 175, 181, 266, 268, 273, 276, 282, 288, and 291, with AR at 304-07.)

4

1  (Id. at 20.)

2       A "severe" impairment, or combination of impairments, is defined as one

3  that significantly limits physical or mental ability to do basic work activities.

4  See 20 C.F.R. §§ 404.1520, 416.920.  Despite use of the term "severe," most

5  circuits, including the Ninth Circuit, have held that "the step-two inquiry is a de

6  minimis screening device to dispose of groundless claims."  Smolen v. Chater,

7  80 F.3d 1273, 1290 (9th Cir. 1996) (citing Bowen v. Yuckert, 482 U.S. 137,

8  153-54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)).  A finding of a non-severe

9  impairment is appropriate only when the "medical evidence establishes only a

10  slight abnormality or a combination of slight abnormalities which would have

11  no more than a minimal effect on an individual's ability to work . . . ."  Soc.

12  Sec. Ruling 85-28; see also Yuckert, 482 U.S. at 154 n.12.

13       Plaintiff contends that the ALJ's determination is erroneous because his

14  mental impairment satisfies this de minimis standard, based on his diagnosed

15  disorder of dysthymia and the GAF scores.  (JS at 4.)  The Court disagrees.

16       First, the fact that Plaintiff was diagnosed with dysthymia does not

17  establish that he has a severe mental impairment.  A mere diagnosis of an

18  impairment does not satisfy the severity requirement of step two of the

19  disability evaluation.  See Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir.

20  1997) (noting that although step two "requires a 'de minimis' showing of

21  impairment," a claimant "must show more than the mere presence of a

22  condition or ailment") (citing Yuckert, 482 U.S. at 153).  Although Dr. Garcia

23  found that Plaintiff suffered from dysthymia, nothing in her treatment notes or

24  the rest of the medical evidence suggested that the impairment was anything

25  more than a slight abnormality with a minimal effect on Plaintiff's ability to do

26  basic work activities.

27       Second, Plaintiff's GAF scores of 55 to 58 fail to establish that

28  Plaintiff's impairment was severe.  As a threshold matter, the Commissioner

1   has no obligation to credit or even consider GAF scores in the disability

2   determination.  See 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000) ("The GAF

3   scale . . . is the scale used in the multiaxial evaluation system endorsed by the

4   American Psychiatric Association.  It does not have a direct correlation to the

5   severity requirements in our mental disorders listings."); see also Howard v.

6   Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score

7   may be of considerable help to the ALJ in formulating the RFC, it is not

8   essential to the RFC's accuracy.  Thus, the ALJ's failure to reference the GAF

9   score in the RFC, standing alone, does not make the RFC inaccurate.").  Even

10  if consideration of such scores was required,  Plaintiff's scores are not

11  sufficiently low that they raise any serious question about the ALJ's

12  determination that Plaintiff's mental condition did not significantly limit his

13  ability to work.

14          Finally, the ALJ cited substantial evidence to support his conclusion that

15  Plaintiff's mental impairment had no more than a minimal effect on his ability

16  to work.  Specifically, a medical consultant concluded, based on his review of

17  the record and rating of Plaintiff's functional limitations, that Plaintiff's

18  dysthymia was not a severe impairment.[7]  (AR at 195-205.)  The medical

19  _____

20          [7]  The medical consultant incorporated a special technique for

21  evaluating whether Plaintiff's mental impairment was severe.  See 20 C.F.R.

    §§ 404.1520a, 416.920a.  First, he determined that Plaintiff's dysthymia was a

22  medically determinable mental impairment.  (AR at 198.)  See 20 C.F.R. §§

23  404.1520a(b)(1), 416.920a(b)(1).  Next, he rated the degree of functional

    limitation resulting from the impairment.  20 C.F.R. §§ 404.1520a(b)(2),

24  416.920a(b)(2).  Plaintiff's degree of functional limitation was rated as

25  follows:  no limitation in activities of daily living; no limitation in social

26  functioning; mild limitation in concentration, persistence, or pace; and no

27  episodes of decompensation.  (AR at 203.)  Based upon these ratings, the ALJ

    determined that Plaintiff's impairment was not severe.  (Id. at 20); see 20

28                                                                  (continued...)

6

consultant's opinion was consistent with the record on the whole and therefore constituted substantial evidence to support the ALJ's finding of non-severity.[8] See Thomas v. Barnhart, 278 F.3d 947, 957(9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.")

Accordingly, the Court finds that there was no error.

**C.    The ALJ Properly Considered Plaintiff's Credibility and Any Error in Failing to Address the Lay Witness Testimony Was Harmless.**

**1.    Plaintiff's Credibility.**

Plaintiff asserts that the ALJ improperly failed to provide clear and convincing reasons for rejecting his subjective complaints of impairment. (JS at 10-11.)

At the hearing, Plaintiff testified that he is hypersensitive to noise, that he was fired from his job as a cashier because he got "overwhelmed," that his condition is depressing, that he continues to suffer from petit mal seizures, that his medications cause sleepiness, that his computer use and other daily activities are limited, and that he lost the capacity to exercise. (AR at 27-37.)

In his decision, the ALJ enumerated five reasons for rejecting Plaintiff's

---

[7](...continued)
C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1) (if degree of limitation in three functional areas is none or mild, and there are no episodes of decompensation, then impairment is not severe).

[8]  In particular, the medical consultant's opinion was consistent with the opinion of an examining psychologist, who concluded, after performing a series of psychological tests, that Plaintiff had "no impairment that would interfere with his ability to complete a normal workday or workweek." (AR at 183-88.)

7

subjective complaints of impairment and finding that his testimony regarding his symptoms was not fully credible:  (1) Plaintiff's condition is stable with medication; (2) in 2007, Plaintiff went on a driving trip with his mother to the Midwest; (3) Plaintiff acknowledged that he was fired from his job not because of his disability but because property was damaged on his watch; (4) Plaintiff engaged in daily activities such as reading books, watching television, playing computer games, window shopping, and household chores; and (5) Plaintiff reported that he preferred working, and would like to finish his degree in history. (AR at 20-21.)

    An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

    Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

    To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider the following evidence:  (1)

ordinary techniques of credibility evaluation, such as the claimant's reputation
for lying, prior inconsistent statements concerning the symptoms, and other
testimony by the claimant that appears less than candid; (2) unexplained or
inadequately explained failure to seek treatment or to follow a prescribed
course of treatment; (3) the claimant's daily activities; and (4) testimony from
physicians and third parties concerning the nature, severity, and effect of the
claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d
at 1284.

In this case, the ALJ provided clear and convincing reasons for finding
Plaintiff's subjective complaints of impairment less than credible. First, the
record fairly supports the ALJ's finding that Plaintiff's condition is stable with
medication. (AR at 148-50, 277). See Odle v. Heckler, 707 F.2d 439, 440 (9th
Cir. 1983) (rejecting disability claim where claimant's pain and symptoms were
fairly controlled by medications). Moreover, evidence of Plaintiff's ability to
complete daily activities that are transferable to a work setting – reading,
playing computer games, shopping, and chores – supports the ALJ's adverse
credibility determination. (AR 117, 163, 185). See Burch v. Barnhart, 400
F.3d 676, 681 (9th Cir. 2005) (ALJ permissibly considered evidence of
claimant's ability to care for herself, cook, clean, and shop in credibility
analysis); Thomas, 278 F.3d at 959 (claimant's credibility was properly
rejected where, among other things, she could perform household chores and
shopping.) The evidence also supports the ALJ's finding that Plaintiff was able
to take a lengthy road trip with his mother. (AR at 275, 277.)

While the Court does not address the adequacy of each of the five
reasons identified by the ALJ for rejecting Plaintiff's credibility, the presence
of potentially insufficient reasons does not detract from the ALJ's ultimate
credibility determination as long as other, legally sufficient reasons are
identified by the ALJ. See Carmickle v. Comm'r of Soc. Sec. Admin., 533

9

1  F.3d 1155, 1162 (9th Cir. 2008).

2      Accordingly, the Court finds that relief is not warranted on this claim
3  regarding the ALJ's credibility analysis.

4      **2.    Lay Witness Testimony.**

5      Plaintiff also claims that the ALJ erred in ignoring the hearing testimony
6  provided by his mother.  (JS at 18.)

7      Plaintiff's mother testified that Plaintiff's seizure disorder prevented him
8  from finishing classes, that he was fired from his cashier job for failing to make
9  the correct change, that his activities are generally limited, that he is
10  hypersensitive to noise, that his medications cause him to sleep throughout the
11  day, and that he is "extremely depressed."  (AR at 39-42.)

12      Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition
13  to medical evidence, the Commissioner "may also use evidence from other
14  sources to show the severity of  [an individual's] impairment(s) and how it
15  affects [her] ability to work," and the Ninth Circuit has repeatedly held that
16  "[d]escriptions by friends and family members in a position to observe a
17  claimant's symptoms and daily activities have routinely been treated as
18  competent evidence."  Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).
19  This applies equally to the sworn hearing testimony of witnesses (see Nguyen
20  v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn
21  statements and letters of friends and relatives.  See Schneider v. Comm'r of
22  Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000).  If the ALJ chooses to
23  reject such evidence from "other sources," he may not do so without comment.
24  Nguyen, 100 F.3d at 1467.  The ALJ must provide "reasons that are germane to
25  each witness."  Dodrill, 12 F.3d at 919.

26      The ALJ's failure to address lay witness testimony generally is not
27  harmless.  Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991).  In failing to
28  address a lay witness statement, the error is harmless only if "a reviewing court

10

1  . . . can confidently conclude that no reasonable ALJ, when fully crediting the

2  testimony, could have reached a different disability determination." <u>Stout v.</u>

3  <u>Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1056 (9th Cir. 2006); <u>see also</u>

4  <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006).

5       Here, even if the ALJ's failure to address the opinions of Plaintiff's

6  mother was error, the error is harmless because no reasonable ALJ would have

7  reached a different disability determination having considered it. <u>Stout</u>, 454

8  F.3d at 1056; <u>see also</u> <u>Robbins</u>, 466 F.3d at 885. This is because the opinions

9  of Plaintiff's mother mirrored the subjective complaints of Plaintiff, which

10  were properly rejected by the ALJ, as discussed above. Thus, the Court finds

11  that even if this testimony was fully considered, no reasonable ALJ could have

12  reached a different disability determination. <u>Stout</u>, 454 F.3d at 1056; <u>see also</u>

13  <u>Robbins</u>, 466 F.3d at 885. Accordingly, any error was harmless.

14  **IV.**

15  **ORDER**

16       Based on the foregoing, IT THEREFORE IS ORDERED that Judgment

17  be entered affirming the decision of the Commissioner, and dismissing this

18  action with prejudice.

19

20  Dated: September 28, 2011

21                   HONORABLE OSWALD PARADA
                 United States Magistrate Judge

22

23

24

25

26

27

28

11